FILED
SUPERIOR COURT
OF GUAM

2021 JAN 20 PM 4: 08

CLERK OF COURT

BY: _____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| RUSTICO Q. CALMA, | ) | CIVIL CASE NO. CV300-20 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECISION AND ORDER RE. |
| | ) | DEFENDANT'S MOTION TO |
| DIANA J. CALMA, | ) | DISMISS PURSUANT TO GRCP |
| | ) | RULES 12(b)(6), 9 AND 8 |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on October 26, 2020 as a Motion Hearing for Defendant Diana J. Calma's ("Defendant") Motion to Dismiss Pursuant to Guam Rules of Civil Procedure ("GRCP") Rules 12(b)(6), Rule 9 and Rule 8. Defendant was represented by Attorney Darleen E. Hiton. Attorney Gary Wayne Francis Gumataotao represents the Plaintiff, Rustico Q. Calma (the "Plaintiff"). All parties were present at the hearing via Zoom platform.

Following the hearing on the Motion, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam. After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order ruling on the Motion and **DENYING** DEFENDANT'S MOTION TO DISMISS, for the reasons set forth herein.

1

## II. BACKGROUND

Plaintiff filed a Verified Complaint on March 16, 2020, alleging that Defendant acted fraudulently by using her confidential relationship with the Plaintiff to cause him to execute deeds for five different parcels of land in which Defendant was the purported grantee, without consideration. *Compl.* ¶ 7–9. On July 7, 2020, Defendant filed a Motion to Dismiss ("Motion") Pursuant to GRCP Rules 12(b)(6), Rule 9, and Rule 8. Defendant argues, in pertinent part, that Plaintiff's Verified Complaint fails to state a claim for which relief can be granted and must be dismissed. *Mot.* at p. 2. Plaintiff filed an Opposition to Defendant's Motion on July 23, 2020 and Defendant filed her Reply on October 19, 2020.

## III. LAW AND ANALYSIS

Defendant argues that Plaintiff has not sufficiently plead his claim for fraud with particularity as required by GRCP Rule 9, that he has not shown that the Defendant intended to defraud generally under GRCP Rule 8, and that because he has not sufficiently plead his claims, he has not stated a claim upon which relief may be granted and that his Complaint must be dismissed under GRCP Rule 12(b)(6).

The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Ukau v. Wang*, 2016 Guam 26, ¶ 36 (Guam Aug. 31, 2016). In order to sufficiently plead a claim for fraud the Plaintiff must articulate their claims with *particularity* under GRCP Rule 9. In relevant part, Rule 9 states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

The *Ukau* analysis is twofold: first, we must determine whether the Plaintiff stated the circumstances surrounding the fraud with particularity under GRCP Rule 9; second, we must

2

determine whether the Plaintiff averred the Defendant's intent to defraud generally under GRCP Rule 8. *Ukau v. Wang*, 2016 Guam 26, ¶ 43. Defendant argues that Plaintiff's Complaint fails under both parts of the analysis. Mot. at p. 2–4.

### a. Failure to Plead Fraud with Specificity under GRCP Rule 9

Rule 9(b) does not require a plaintiff to *prove* a claim of fraud at the pleading stage. *Ukau v. Wang*, 2016 Guam 26, ¶ 47; quoting *Taitano I*, 2008 Guam 12 ¶ 16. Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged. This standard has been described as a "who, what, when, where, and how" requirement. *Id.*

Here, by alleging that the Defendant, Diana Calma, has acted fraudulently by causing her attorney to draft and execute deeds granting her title to five different parcels of land, Plaintiff has described "who" committed the fraudulent action upon which he makes his claim. *Compl.* at ¶ 7. Next, Plaintiff alleges that Defendant committed the fraudulent action because (1) she had her attorney execute deeds granting her five parcels of land from the Plaintiff, (2) Defendant did not pay consideration for the parcels, (3) the Plaintiff and Defendant maintained a confidential relationship, and (4) Plaintiff was not independently advised regarding the subject land transfer. *Compl.* at ¶¶ 7–9. These facts Plaintiff has alleged provide the "what" under the factors setforth in *Ukau v. Wang*.

Plaintiff has also described "when" the Defendant had her attorney draft the deeds granting her the parcels, "on or about August 12, 2016," and has alleged that he has only "recently" discovered facts that form his good faith belief that Defendant acted fraudulently, under *Ukau v. Wang. Compl.* at ¶¶ 7 and10. Plaintiff described "where" the fraudulent action took place by providing the parcel descriptions within the Complaint and stating that

3

Defendant's attorney drafted the deeds and had them executed and filed at the Department of Land Management. *Compl.* at ¶ 7. Finally, Plaintiff described "how" the Defendant acted fraudulently because he alleges that he did not receive independent counsel regarding the land transfer, that the Defendant had her attorney draft the deeds, that she did not pay any consideration for the transfer, and that she used her confidential relationship with the Plaintiff, an elderly person, to influence him to execute the Deeds. *Compl.* at ¶¶ 7–9.

Under the "who, what, when, where, and how" requirements of *Ukau v. Wang*, the court finds that Plaintiff has plead facts with particularity so as to place the Defendant on notice of the fraudulent action being alleged.

**a. Failure to Plead Intent to Defraud generally under GRCP Rule 8**

Defendant argues that Plaintiff has failed to meet the general pleading requirements under GRCP Rule 8 to show that Defendant intended to defraud the Plaintiff. In particular, Defendant asserts that Plaintiff's allegations do not amount to fraud, fraudulent action, or *an intent to defraud plaintiff. Mot.* at p. 4 (emphasis added).

When interpreting the plain language of Rule 8(a), the Supreme Court of Guam has held that "Guam law requires only notice pleading, not fact pleading." *Ukau v. Wang*, 2016 Guam 26, ¶ 21 (Guam Aug. 31, 2016). Guam law requires only a short and plain statement of the claim showing entitlement to relief. *Id.* at ¶ 52; *see also Taitano I*, 2008 Guam 12 ¶ 13; *Guam Election Comm'n*, 2007 Guam 20 ¶ 94. The general pleading rules are found in GRCP Rule 8, which states in relevant part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain
> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,

4

(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) a demand for judgment for the relief to which the pleader seeks. Relief in the alternative or of several different types may be demanded.

The Supreme Court restated in *Ukau v. Wang*, their holding from *Taitano I*, where they interpreted Rule 8(a) consistent with the *Conley v. Gibson* standard and our historical approach, requiring only notice pleading. 2008 Guam 12 ¶ 13 ("Rule 8 requires *only* a 'short and plain statement of the claim.' " (emphasis added) (quoting GRCP 8(a) (2007)). *Ukau* and *Taitano I*, like the present case, involved dismissal of a complaint under Rule 12(b)(6) as well as a challenge to the sufficiency of the pleadings under the fraud standard provided by GRCP 9(b).

Here, Plaintiff has alleged that Defendant intended to defraud the Plaintiff because while she was in a confidential relationship with the Plaintiff, an elderly and dependent person, she took the subject parcels out of their natural course and had her attorney draft deeds transferring the parcels from the Plaintiff to her. Plaintiff also alleges that the transfers took place without Defendant paying any kind of consideration for them and without Plaintiff having the benefit of independent counsel. Plaintiff also alleges that the Defendant may have since encumbered the parcels with mortgages without permission from the Plaintiff. *Compl.* at ¶¶ 4, 6, 7–9, and 15.

Plaintiff is not required to allege the Defendant's intent to defraud with particularity as is required to describe the circumstances regarding the fraudulent action, but Defendant argues that Plaintiff has not sufficiently alleged her intent to defraud because he has not shown that Defendant was in a confidential relationship with the Plaintiff. *Mot.* at p. 4–5. Plaintiff and Defendant are father and daughter and Defendant argues that a confidential relationship exists between a guardian and ward. *Mot.* at p. 5.

5

When a confidential relationship is being alleged between parties engaged in a transfer of land and it is shown by clear and convincing evidence that one exists, then there is a rebuttable presumption that undue influence has occurred regarding the transfer of land and the burden will shift to the Defendant to show that undue influence has not occurred. *Hannah v. Guerrero*, 2020 Guam 15, ¶¶ 28-29 (Guam Aug. 19, 2020). However, a lineal or familial relationship between two parties, such as parent-child, does not solely establish that a confidential relationship may exist between two parties. Rather the existence of a confidential relationship is an *issue of fact*, and is not presumed as a matter of law and the mere existence of a familial relationship is not indicative of a confidential relationship. The existence of such a relationship may warrant an inference of a confidential relationship, but the relation alone will not, in and of itself, suffice to initiate and support the presumption of undue influence. *Id.* at ¶ 27 (emphasis added).

Plaintiff has alleged in the Complaint that a confidential relationship existed between the Defendant and Plaintiff and whether or not a confidential relationship existed is an issue of fact that should be decided at trial. The allegation that a confidential relationship existed and Defendant violated fiduciary duties associated with such a relationship does place the Defendant on notice of the facts regarding the Defendant's intent to defraud.

**b. Dismissal for Failure to State a Claim under GRCP 12(b)(6)**

Dismissal of a complaint is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Ukau v. Wang*, 2016 Guam 26, ¶¶ 51–52 (Guam Aug. 31, 2016) quoting *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9. Additionally, in determining whether the 12(b)(6) motion should be granted, the pleadings must be viewed in the light most favorable to the non-moving party. To survive,

6

they must contain allegations respecting all the material elements necessary to the claims. The elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Ukau v. Wang*, 2016 Guam 26, ¶ 36 (Guam Aug. 31, 2016).

As described above, Plaintiff has alleged his claims for fraud with particularity including the pertinent "who, what, when, where, and how" requirements from *Ukau v. Wang*. Plaintiff's Verified Complaint contains allegations regarding the first element of a misrepresentation — Defendant had her attorney draft deeds transferring parcels of land from the Plaintiff to Defendant without adequate consideration. *Compl.* at ¶¶ 7–9. Plaintiff's Complaint contains allegations regarding knowledge of falsity and intent to defraud because Plaintiff alleges that Defendant conducted the land transfers through her attorney in violation of her purported fiduciary duties through her confidential relationship with the Plaintiff. *Compl.* at ¶8. Plaintiff also alleges that he recently discovered facts sufficient to form his good faith belief that Defendant acted fraudulently and describes damages suffered from rents from the parcels not received, compensatory damages and punitive damages. *Compl.* at ¶¶10, 16, 20–21.

Defendant argues that Plaintiff can prove no set of facts that would entitle him to relief because he cannot prove that a fiduciary duty existed between the Plaintiff and Defendant because they were father and daughter and not in a confidential relationship. *Mot.* at p. 5. However, as discussed previously, although a familial relationship is not dispositive of the existence of a confidential relationship, it is still a factor in determining whether there was a confidential relationship and that is a factual determination that could be proven or disproven at trial. Accordingly, this Court does not determine whether a confidential relationship existed

7

between the parties and cannot find on the basis of the record before it that Plaintiff would be unable to prove a set of facts that would entitle him to relief upon this factual determination.

## IV.    CONCLUSION

The Court hereby **DENIES** Defendant's MOTION TO DISMISS, finding that the Plaintiff has sufficiently alleged the elements of fraud within his Verified Complaint. As such, the Court ORDERS the Defendant to file an Answer to the Complaint within ten (10) days of the entry of this Decision on the docket.

**SO ORDERED** this _____ JAN 2 0 2021 _____.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
D. Hilton
Guam Pataud TR)
Date: _____ Time: 1/20/21
Deputy Clerk, Superior Court of Guam